IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Phillip S. Figa

Civil Action No. 05-cv-00853-PSF-MJW

CONSUMER CRUSADE, INC., a Colorado corporation;

    Plaintiff,

v.

FAIRON AND ASSOCIATES, INC., a California corporation;
PATRICK FAIRON, and its Officers and Directors.

    Defendants.

---

## ORDER OF REMAND

---

**PROCEDURAL BACKGROUND**

This matter was originally filed by Plaintiff Consumer Crusade, Inc., in Denver District Court on April 19, 2005 alleging two claims for relief under the Telephone Consumer Protection Act of 1991 ("TCPA"), 47 U.S.C. § 227. On May 9, 2005, Defendants Fairon and Associates, Inc. and Patrick Fairon (collectively, "Fairon") filed a motion to dismiss the case. On May 9, 2005, defendants filed a Notice of Removal asserting that the removal is based only on diversity of citizenship (Notice of Removal at 1).

After the case was removed, this Court ordered plaintiff to respond to the defendants' Motion to Dismiss, requesting specifically that it address an order issued on March 28, 2005 by Chief Judge Babcock in *USA Fax Law Center, Inc. v. iHire, Inc.*, 362 F. Supp. 2d 1248 (D. Colo. 2005), a copy of which was attached to defendants' motion.

On May 26, 2005, plaintiff timely filed its Response to Defendants' Motion to Dismiss. On June 6, 2005, defendants filed their Reply Brief in support of their Motion to Dismiss. "Plaintiff's Response to Defendants' Reply to Motion to Dismiss," filed without leave of court on June 17, 2005, was stricken by Order of the Court on June 21, 2005.

Although plaintiff did not file a motion to remand this case to the state court, on June 24, 2005, this Court, *sua sponte*, entered its Order to Show Cause directing the parties to show cause within 14 days why this case should not be remanded to the Denver District Court pursuant to 28 U.S.C. § 1447(c), on the grounds that it was improvidently removed to the federal court. In the same order the Court directed the parties to confer and file, on or before July 8, 2005, a joint statement or separate statements as to whether this case must be remanded for lack of subject matter jurisdiction, or file a stipulated motion for remand.

In its show cause order, this Court noted that at least six federal circuit court panels had interpreted 47 U.S.C. § 227(b)(3) to mean that Congress conferred exclusive jurisdiction in state courts over TCPA private-right-of-action claims, that no circuit panel had taken a contrary view, and the Tenth Circuit had not addressed the issue. *See Murphey v. Lanier,* 204 F.3d 911, 915 (9th Cir. 2000); *Foxhall Realty Law Offices, Inc. v. Telecommunications Premium Services, Ltd.*, 156 F.3d 432, 434 (2d Cir. 1998); *ErieNet, Inc. v. Velocity Net, Inc.*, 156 F.3d 513, 520 (3d Cir. 1998); *Nicholson v. Hooters of Augusta, Inc.*, 136 F.3d 1287, 1289 (11th Cir. 1998); *Chair King, Inc. v. Houston Cellular Corp.,* 131 F.3d 507, 513 (5th Cir. 1997); *Int'l Science & Tech. Inst., Inc. v. Inacom Communications, Inc.*, 106 F.3d 1146, 1152 (4th Cir. 1997).

Plaintiff timely filed its response to the show cause order on July 8, 2005. Plaintiff's response stated that despite the contemplation of cooperation referenced in the show cause order, "defendants' counsel has not attempted to confer." Plaintiff's Response at 2. Plaintiff's response further asserts that:

> Because it is assumed that Defendants, for whatever reason, never intended to defend on the merits of this controversy, but rather sought only to have the case dismissed, it is not surprising that the have shown little interest in keeping the case alive. A failure to defend the removal, in effect, accomplishes the primary purpose of Defendants' motion, i.e. to have the case dismissed.

*Id.* Based on subsequent events, plaintiff's accusatory tone was hardly justified and if any party was acting improperly by failing to confer, it appears to have been plaintiff through its counsel.

Defendants did not file a response by July 8, 2005. Rather, on July 11, 2005, they filed a motion for extension of time to respond to the show cause order through July 21, 2005. Defendants explained in their motion that they never received the Court's Order to Show Cause, which, having been sent on June 24, 2005, was one of the first documents to be sent to defendants' counsel pursuant to the electronic filing system implemented in this district commencing June 20, 2005, and pursuant to which copies are sent only via electronic mail and not by paper. Thus, an undetermined CM/ECF "glitch" may have caused the Court's order not to have been transmitted to defendants' counsel. The Court granted the requested extension.

Defendants' counsel apparently learned of the show cause order only after it received plaintiff's July 8 response. In other words, it was not defendants' counsel

whose recalcitrance prevented the parties from conferring, as suggested by plaintiff's response, but rather it appears that plaintiff's counsel, despite having received the Court's show cause order made no effort to contact defendants' counsel. Otherwise, defendants' counsel would have known of the show cause order. The Court was not putting counsel on notice that they might be contacted by the other side; it was directing that such a conference occur.

Be that as it may, plaintiff asserts in its response that this case should not be remanded as there is a basis for federal jurisdiction under 28 U.S.C. § 1332, admitted diversity of citizenship between plaintiff and the defendants, and it is alleged that the amount in controversy exceeds $75,000. Alternatively, plaintiff urges that at a minimum this case should not be dismissed for lack of jurisdiction, but rather remanded to the state court.

Defendants filed their response to the show cause order on July 21, 2005, also arguing that despite the rulings of the six circuit panels, this case may proceed in federal court because there is jurisdiction under 28 U.S.C. §1332 based on diversity of citizenship. In order to determine this issue, it is necessary to set forth plaintiff's claims and the context in which they are brought.

**PLAINTIFF'S CLAIMS**

Consumer Crusade, a Colorado citizen, alleges that it is the assignee of 142 individual claims arising out of its assignors' receipt of unsolicited faxes from Fairon, California citizens, in violation of the TCPA. Complaint, ¶¶ 1, 2, 13; Notice of Removal at 2. The TCPA provides, in pertinent part, that: "It shall be unlawful for any person

within the United States . . . to use any telephone facsimile machine, computer, or other device to send, to a telephone facsimile machine, an unsolicited advertisement . . . ." 47 U.S.C. § 227(b)(1)(C).

Although the TCPA is a federal statute, Congress provided that private rights of action to enforce the statute shall be brought in state courts.  Thus, subsection (3) of 47 U.S.C. § 227(b) provides:

> A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State–
>
> (A)  an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,
>
> (B)  an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or
>
> (C)  both such actions.
>
> If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph.

47 U.S.C. § 227(b)(3).  By contrast, claims brought by the attorneys general of the states in a *parens patriae* capacity may be brought only in federal court.  47 U.S.C. § 227(f)(2).

**JURISDICTION UNDER TCPA**

As noted above, several circuits have interpreted 47 U.S.C. § 227(b)(3) to mean that Congress conferred exclusive jurisdiction in state courts over TCPA private-right-of-action claims. These courts have found that federal courts are without original jurisdiction under 28 U.S.C. § 1331 to hear private actions brought under the TCPA, as the statute did not create a civil action arising under the laws of the United States.

None of the parties to this case take issue with those holdings. Rather, they argue, this court has jurisdiction to hear this case under 28 U.S.C. § 1332 because there is diversity of citizenship between the parties to this particular case. The parties cite to several district court decisions permitting removed TCPA cases to proceed in federal Court based on the presence of diversity jurisdiction. *See Kopff v. World Research Group, LLC*, 298 F. Supp. 2d 50, 55 (D.D.C. 2003); *Accounting Outsourcing, LLC v. Verizon Wireless Personal Communications, LP*, 294 F. Supp. 2d 834, 840 (M.D. La. 2003); *Kinder v. Citibank,* 2000 WL 1409762 *3-4 (S.D. Cal., Sept.14, 2000). (In *USA Fax Law Center, supra,* the question of diversity jurisdiction under the TCPA apparently was not directly posed.)

Defendant has called to the attention of this Court a recent decision dismissing a TCPA claim filed directly in federal court, holding that there is no jurisdiction over such claims based on diversity under 28 U.S.C. § 1332. *Gottlieb v. Carnival Corp.*, 367 F. Supp. 2d 301, 307-09 (E.D.N.Y. 2005).

As there are no Tenth Circuit decisions on point, and apparently no decisions from district courts within the circuit, this Court conducts its own analysis of the question of whether this case must be remanded.

**ANALYSIS**

Because this case arrived in this Court pursuant to the removal statute, this Court begins its analysis with the statutory provisions.  As noted, defendants removed this action to this federal district court asserting removal was based on diversity of citizenship (Notice of Removal at 1-2).

Title 28 U.S.C. § 1441(a) provides, in pertinent part, as follows:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

Although the above-quoted language of the subsection is not limited to diversity cases, this subsection has come to be recognized as the provision governing removal of cases based on diversity of citizenship.  Focusing on the first clause of the sub-section, defendants argue that removal of cases where diversity of citizenship exists is always permitted unless "otherwise expressly provided" by Congress (Defendants' Response to Order to Show Cause at 1-2).  Citing to the decision in *Breuer v. Jim's Concrete of Brevard, Inc.*, 538 U.S. 691 (2003), defendants contend essentially, that if a statute does not expressly prohibit removal of a case brought under it, or Congress has not otherwise expressly precluded removal, then the case is removable if the parties are

of diverse citizenship.  Arguing that the TCPA contains no "express" bar to removal, defendants assert this case is properly removed.

Defendants' argument, however, as well as their reliance on *Breuer*, overlooks the further requirement of the above-quoted removal subsection.  It provides for removal of cases by a defendant only of "any civil action brought in a State court of which the district courts of the United States have *original* jurisdiction."  28 U.S.C. § 1441(a) (emphasis added).  The defendants' lengthy quotation from *Breuer* begins with this premise, stating "[t]here is no question that Breuer could have begun his action in the District Court."  538 U.S. at 694.  Thus, the holding of *Breuer* is not particularly helpful here, as that opinion did not have to address the requirement of the removal statute that the civil action could "originally" have been brought in federal court.

It appears that a TCPA claim cannot "originally" be brought in federal court. As noted above, the circuit panels are unanimous in holding that such a case cannot originally be brought in federal court under federal question jurisdiction.  Rather, they have stated that the jurisdiction over such claims is "exclusive" in the state courts.

Defendants argue that, nonetheless, 28 U.S.C. § 1332(a)(1), providing federal district courts with original jurisdiction to hear "civil actions . . . between citizens of different states," provides the basis for original jurisdiction over this case, thus satisfying the requirement of 28 U.S.C. § 1441(a).  Thus, defendants submit the somewhat anomalous situation exists: a case under the TCPA between diverse citizens may be heard in a federal court, while a case under the same federal statute between citizens of the same state may not be heard in a federal court.

To be sure, 28 U.S.C. § 1332(a)(1) commonly permits federal courts to exercise jurisdiction over civil actions between diverse citizens that could not be brought in federal court if they were between citizens of the same state. A state common law negligence case cannot ordinarily be heard in a federal court. But if the parties happen to be of completely diverse citizenship, and the amount in controversy is met, federal court is usually an available forum.

The TCPA itself both creates the cause of action and contains a provision that six circuit courts have interpreted to mean that the created cause of action may be brought "exclusively" in the state courts. Because the procedural provisions of 47 U.S.C. § 227(b) are part of the very statute creating the cause of action, and the courts interpreting the procedures for the enforcement of the statutory rights hold that the exclusive forum for enforcement is the state courts, original jurisdiction in a federal court would appear to be precluded.

Moreover, the mere fact that the parties are of diverse citizenship should not override what the federal circuit decisions have found to be the intent of Congress, namely that jurisdiction over claims brought under the TCPA should lie exclusively in state courts. As the court found in *Gottlieb, supra,* Congress recognized that TCPA cases were likely to be brought between parties of diverse citizenship, yet it included language in the statute that numerous circuit courts have found to mean that the grant of jurisdiction over such suits is limited to state courts. 367 F. Supp. 2d at 307. "This Court is persuaded, however, that the statute and its legislative history lead to the conclusion that jurisdiction over TCPA claims resides in the state courts exclusively" –

precluding even diversity suits.  *Id.*  Judge Glasser also notes in *Gottlieb* that one of those six circuit decisions, *Foxhall, supra,* actually involved a diversity of citizenship fact pattern.  367 F. Supp. 2d at 309.

The Court recognizes that Congress explicitly enumerated certain "nonremovable actions" in 28 U.S.C. § 1445, and the TCPA is not one of them.  Yet the inherent jurisdictional limitations of the TCPA can be found in the language of § 227 itself as well as from a fair reading of the removal statutes under Title 28 of the United States Code, even without resort to the legislative history of the TCPA or the interpretations of other circuits.  The exclusive references to the state courts as the forums for adjudicating private TCPA actions (47 U.S.C. §§ 227(b)(3) and (c)(5)), the complete deference given to "the laws or rules of court of a State" for bringing "in an appropriate court of that State" a private TCPA action (*id.*), the explicit recognition that telemarketers can evade state prohibitions through interstate operations (Congressional Statement of Findings, § 2(7) of Pub.L. 102-243) without recognizing a federal forum for obtaining private relief in such circumstances, and the exclusive federal jurisdiction accorded *parens patriae* cases brought by a state (47 U.S.C. § 227(f)(2)) in combination lead to the conclusion that federal diversity jurisdiction was not extended to private claims created by such legislation.

Moreover, Congress could have altered the statute rectifying any ambiguity by reacting to the uniform slew of appellate decisions confining TCPA jurisdiction to the state courts exclusively, but chose not to.  Indeed, the TCPA was amended in 2003 and again earlier this month in other ways.  *See* Pub.L. 108-187, § 12, 117 Stat. 2717

(2003), and the Junk Fax Prevention Act of 2005, Pub.L. 109-21. Thus, Congress obviously remains mindful of the statute and its reach.

Finally, aiding in resolving "this thorny legal issue," as the question of whether diversity jurisdiction exists for private TCPA actions was described in *Biggerstaff v. Voice Power Telecommunications, Inc.*, 221 F. Supp. 2d 652, 657 (D.S.C. 2002), is guidance from applicable circuit precedent. The Court is ultimately persuaded that jurisdiction is lacking in these circumstances by the Tenth Circuit's careful jurisprudence on the limited jurisdiction of the federal courts. As stated recently in *Pritchett v. Office Depot, Inc.*, 404 F.3d 1232, 1235 (10th Cir. 2005):

> It is well-established that statutes conferring jurisdiction upon the federal courts, and particularly removal statutes, are to be narrowly construed in light of our constitutional role as limited tribunals. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-109, 61 S.Ct. 868, 85 L.Ed. 1214 (1941); *United States ex rel. King v. Hillcrest Health Ctr.*, 264 F.3d 1271, 1280 (10th Cir. 2001). Thus, if there is ambiguity as to whether the instant statute confers federal jurisdiction over this case, we are compelled to adopt a reasonable, narrow construction.

Because federal courts are courts of limited jurisdiction, there is a presumption against removal jurisdiction. *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir.), *cert. denied*, 516 U.S. 863 (1995). Moreover, if the parties fail to raise the question of the existence of jurisdiction, the federal court has the duty to raise and resolve the matter. *Id.; see also* F.R.Civ.P. 12(h)(3). Federal removal jurisdiction is statutory in nature and is to be strictly construed. All doubts are to be resolved against removal. *Fajen v. Foundation Reserve Ins. Co., Inc.*, 683 F.2d 331, 333 (10th Cir. 1982).

Applying these principles, and considering the reasoning in *Gottlieb* persuasive, a "reasonable, narrow construction" of TCPA jurisdiction precludes a private cause of action under it in federal court under either federal question or diversity jurisdiction. Thus, this Court finds that this case was improperly removed due to a lack of subject matter jurisdiction.

The case, therefore, must be and hereby is REMANDED to Denver District Court.

DATED: July 28, 2005

BY THE COURT:

s/ Phillip S. Figa
_____
Phillip S. Figa
United States District Judge